Clifton HOLLONQUEST, Appellant,

v.

STATE of Indiana, Appellee.

No. 978S188.

Supreme Court of Indiana.

Dec. 26, 1979.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was tried and convicted in a jury trial on charges of commission of a felony while armed, to-wit: robbery, and of assault with intent to kill. Ind.Code § 35–12–1–1 and Ind.Code § 35–13–2–1 (both

statutes since repealed). He was sentenced to twenty-three years imprisonment for the robbery while armed and two to fourteen years for the assault with credit for confinement awaiting trial and sentencing. On appeal the issues presented are whether the trial court erred in permitting a State's witness to describe two pre-trial incidents in which he had identified appellant as the person who had robbed him and whether the evidence was sufficient to support the conviction.

On May 22, 1977, at about 9:00 p. m. two persons were present at a filling station at Massachusetts and 34th Streets in Indianapolis, a lone attendant and a customer. The attendant was in the process of pumping gas into the customer's car and the customer was standing nearby. A man walked into the station, drew a gun, stuck it in the side of the attendant and demanded his money. The attendant handed his money over to the man who then jogged out of the station. The robber entered a car parked nearby and drove away. The customer immediately got in his car and followed the getaway car. During this pursuit the fleeing robber stopped his car, got out, and shot at the following car, the bullet striking the front windshield and exiting the rear window and passing within inches of the customer's head. The armed robber then disappeared from view.

At trial appellant was identified as the robber by the attendant, but the customer was unable to so identify him. The attendant added to this direct identification testimony that he had selected two photographs of appellant from an array of thirty provided him by the investigating officer, and subsequently picked appellant from a corporeal line-up.

 Appellant contends that the testimony of the gas station attendant describing his pre-trial identifications of appellant, first by photograph and later at a line-up, should have been suppressed. Due process requires the suppression of evidence of out-of-court identifications conducted in an unnecessarily suggestive manner and resulting in the creation of a substantial likelihood of misidentification. *Stovall v. Denno*, (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Neil v. Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Manson v. Brathwaite*, (1977) 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140. Subsequent in-court identification by the same witness is subject to suppression as well. *Simmons v. United States*, (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193. Where the extrajudicial identification procedure was not unnecessarily suggestive of guilt, the out-of-court and the in-court identification by a witness may be admitted. *Norris v. State*, (1976) 265 Ind. 508, 356 N.E.2d 204; *Zion v. State*, (1977) 266 Ind. 563, 365 N.E.2d 766. The photograph as well as the live line-up can be impermissibly suggestive so as to violate the right to due process and require suppression. *Simmons v. United States, supra; Sawyer v. State*, (1976) 260 Ind. 597, 298 N.E.2d 440.

 Shortly after the robbery, while at the home of his sister, the witness was handed a stack of thirty photographs by the investigating officer among which were two different photographs of appellant. The two photographs became State's Exhibits 1 and 2 at trial. During preliminary questioning for the purpose of lodging an objection, the witness described the events which immediately followed his receipt of the stack as follows:

"Q. And from that stack you say you picked out State's Exhibit 1, is that right?

A. That's right.

Q. And then isn't it a fact that he then gave you some other pictures and said 'see if you can find another picture of the same man in this stack'?

A. No sir, he gave me the one stack and said 'see if you recognize him' and I went through them and picked the first one out and he said 'go on and finish with the rest of them and see, in case there is any other' and then I picked that one out.

657

Q. He said nothing to you that there was another picture of the same man in that stack?

A. No sir.

Q. You are sure of that?

A. Positive."

The technique employed here did not include the exhibition of a single photograph of a suspect or the verbal suggestion to the witness that a suspect was to be found among the photographs to be examined. *Parker v. State*, (1976) 265 Ind. 595, 358 N.E.2d 110, and *Whitt v. State*, (1977) 266 Ind. 211, 361 N.E.2d 913. Appellant complains that there were two photographs of him in the stack of photographs rather than simply one as in the case of the others portrayed, and that the presence of these two rendered the procedure impermissibly suggestive of his guilt. Appellant argues that it would be easier to identify a vaguely familiar face if there were two photographs in the stack rather than one. It would of course be true that two separate and distinct photographs of the same person taken on different occasions, as is the case before us, together can constitute a more accurate portrayal of that person than simply one photograph, but it does not follow that the presence of two photographs of the same person or a more accurate photograph of one than of another would tend to suggest to a significant degree to the viewer that the police considered the individual so portrayed to be a prime suspect. *Johnson .v. State*, (1977) 265 Ind. 689, 359 N.E.2d 525. Upon this analysis, and as in *Maclin v. State*, (1979) Ind., 394 N.E.2d 163, we find that level of suggestivity was no more than is necessary to the conduct of any photographic display. The photographic identification procedure was not impermissibly and unnecessarily suggestive and could not give rise to a substantial likelihood of misidentification and therefore it was not error to admit evidence of it at trial.

■ Appellant also contends that the testimony describing the pre-trial identification of appellant by the witness at the live line-up was erroneously permitted because that procedure was rendered unduly suggestive by reason of the precedent identification of appellant by photograph. The employment of that earlier procedure was not itself impermissibly suggestive of guilt as has been concluded and therefore did not illegally taint the line-up results. Furthermore, the officers conducting the line-up did not state that the individual selected by photograph would be in the line-up or that a suspect would be in the line-up. The level of suggestivity in the corporeal line-up was no more than is necessary to the conduct of any line-up employed after a photographic identification. The testimony describing the fact that the witness pointed out appellant at the line-up as his assailant was admissible as was his later in-court identification.

■ Appellant next complains that the evidence serving to identify him as the perpetrator of the assault with intent to kill and to prove that he was armed with a handgun as charged in the armed robbery count was insufficient. In dealing with this issue we do not weigh the evidence or resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdict. If from this viewpoint there is evidence of probative value from which a reasonable trier of fact could infer the presence of these two elements beyond a reasonable doubt, the claim will be resolved against appellant. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657. The attendant testified that the robber "stuck a gun in my side" and that through his view of the robber's facial features could state that appellant was the robber. He testified further that at the time of the robbery he had recognized appellant as someone he had seen on a previous occasion. During the robbery the attendant stood between the robber and the customer and consequently the customer did not get a good look at the robber's face and was unable to testify at trial that appellant was the robber and the man who later fired upon him. However, the customer did testify that the man who fired upon him, sending a bullet through the windshield of his car, was the same man

who had just robbed the attendant at the station. He had clearly seen that the gunman had on a leather billed cap with a strap in back and a blue flowered shirt. He had chased the man from the scene, losing sight of him only briefly as he ran between two buildings, but again catching sight of him as he emerged from that area still running and jumped in a Cadillac automobile. He then followed the car until it stopped and the same man emerged and fired upon him. The combined testimony of the attendant and the customer provided sufficient evidence that appellant was the person who fired upon the customer, and that appellant was armed with a handgun at the station.

Appellant further complains that the evidence serving to identify him was insufficient to warrant conviction because there were variances between appellant's height and weight and the height and weight given by the two critical witnesses in their on-the-scene descriptions of their assailant. He also points out correctly that the customer picked out another man from a line-up as the assailant. These points were thoroughly probed by both the State and the defense before the jury, and it was brought out that the robber was standing on the raised concrete pump island at the time and that such fact could account for the inaccurate weight and height estimates in the descriptions. It was also brought out that the customer's identification of another as the assailant was equivocal. Under the restriction of our rules governing the appellate review of sufficiency questions, we are unable to say that the presence of these inconsistencies and weaknesses in the testimony rendered the evidence insufficient to convict. They were matters to be considered by the jury.

The convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.