James TOLBERT, Appellant,

v.

STATE of Indiana, Appellee.

No. 782S266.

Supreme Court of Indiana.

March 2, 1984.

Howard H. Hill, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, James Tolbert, was found guilty by a jury of robbery, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), a class B felony, and was sentenced to serve fifteen

years in prison. On appeal, he raises these issues:

(1) Whether the trial court erred in allowing the State to present evidence contrary to the assertions in defendant's "Notice of Intention to Offer Evidence of Alibi" because of the late filing of the State's answer to that notice.

(2) Whether the trial court committed error by permitting one of the State's witnesses to testify in rebuttal.

(3) Whether the evidence of identification was sufficient to support the verdict.

The evidence presented at trial revealed that on September 20, 1980, the 72 year old victim, Thomas Yates, answered a knock on the door of his home in Hammond at approximately 6:30 p.m. Recognizing the man who had knocked as someone he had known and seen around the neighborhood for several years, Yates opened his door. That man and another entered the home, handcuffed Yates and took money and jewelry from him at gunpoint. After his assailants left, Yates called for help and was assisted by a neighbor who summoned police. Yates told police officers at the scene that he knew one of the robbers and could describe and identify him. At the police station, Yates selected a picture of defendant as the robber he recognized. During the trial, Yates again identified the defendant as his assailant.

The defendant presented an alibi witness at trial to show that he had not been in Hammond on the day of the crime. Diana Moore testified that she lived with defendant beginning in 1979 and that the two of them were living together in Fort Wayne on September 20, 1980. She recounted that defendant had been ill that day and had stayed in bed. She further testified that defendant had not been in Hammond between July 1980 and January 1981. The State called a witness in rebuttal who testified that he had seen the defendant in Hammond on August 25, 1980.

I.

Defendant first argues that the trial court committed error with respect to the State's failure to timely file its answer to defendant's notice of alibi. On October 9, 1981, defendant filed his "Notice of Intention to Offer Evidence of Alibi" in which he stated that he would offer evidence at trial that he was at a certain address in Fort Wayne at the time the offense was alleged to have been committed. He also requested that the prosecutor file a specific statement, pursuant to Ind.Code § 35–5–1–2 (Burns 1979 Repl.) [Acts 1935, ch. 228, §§ 1–3; 1974, P.L. 143, §§ 36, 37 (repealed 1982); for new law see Ind.Code § 35–36–4–2 (Burns Supp.1983)], of the "exact date and time which the prosecution proposes to present as the date and time when, and also the exact place which the prosecution proposed to present at the time of the trial as the place where defendant is alleged to have committed or to have participated in the charged offense."

The State did not answer the defendant's request for the specific statement until January 11, 1982, the first day of trial, when it filed its "Answer to Defendant's Notice of Alibi." On that same day, defendant filed his "Motion in Limine and Motion to Exclude All Evidence Relating to September 20, 1980." He claimed that because the State had not filed its answer in accordance with Ind.Code § 35–5–1–2, which required the prosecutor to file and serve the specific statement on the defendant or his counsel not later than eight days before the trial, the State should not be allowed to present evidence in contravention of defendant's notice of alibi. Defendant relied on Ind.Code § 35–5–1–3 (Burns 1979 Repl.) [Acts 1935, ch. 228, §§ 1–3; 1974, P.L. 143, §§ 36, 37 (repealed 1982); for new law see Ind.Code § 35–36–4–3 (Burns Supp.1983)] which stated in pertinent part:

"At the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's origi-

nal notice and that the time was other than the time stated in the defendant's original notice."

Although the trial judge found that the State had not shown good cause for its failure to timely file its answer, he denied the defendant's motion in limine and overruled his objections to testimony on this basis. He found that the defendant had been apprised of the same information contained in the State's answer through his November 17, 1981 deposition of Yates at which Yates recounted that the robbery took place at his home at 1007 Becker Street in Hammond at approximately 7:00 p.m. on September 20, 1980. Defendant declined the continuance offered by the trial judge, insisting that all evidence offered by the prosecution relating to September 20, 1980 be excluded.

■ We have said that the purpose of the notice of alibi statutes is to narrow the factual issues of time and place. *Bruce v. State,* (1978) 268 Ind. 180, 375 N.E.2d 1042, *cert. den'd.* (1978), 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. The statutory requirements insure that the parties have adequate time to prepare for trial and to confront the adversary's allegations concerning the defendant's whereabouts at the time the crime was committed. *Brown v. State,* (1982) Ind., 436 N.E.2d 285. Reversal is not required where the defendant has not been misled in the preparation or maintenance of his defense and is not likely to be placed in double jeopardy. *Williams v. State,* (1980) Ind., 406 N.E.2d 241.

■ This is not a case where there was a complete failure by the State to file an answer to defendant's notice of alibi as in *Dew v. State,* (1981) Ind., 416 N.E.2d 1245, where we held it was error for the trial court to permit the State to introduce its evidence as to time and place. The instant case is factually similar to *Willis v. State,* (1980) Ind.App., 411 N.E.2d 696. In that case, the State did not file the specific statement requested by the defendant in response to his notice of alibi until the day the cause went to trial. The trial court denied defendant's motion to suppress any evidence offered by the State to show that

defendant was in any place other than that place mentioned in the notice of alibi. The Court of Appeals there declined to reverse that ruling in light of defense counsel's admissions that he knew the specific time and place of the crime through the deposition of the victim and the probable cause affidavit, and was thus not prejudiced by the State's delay in filing, and the refusal of an offered continuance.

Here, the defendant procured from the victim at the deposition that information which he would have received from a timely answer by the State to his notice of alibi and which he did obtain from the State's late answer. He cannot, and does not, complain that he was misled in the preparation or maintenance of his defense since the testimony concerning the date, time and place of the offense adduced at trial was virtually identical to that same information revealed at the November 1981 deposition. He rejected the offer of a continuance. We find no reversible error in the trial court's refusal to exclude the State's evidence.

## II.

■ Defendant next argues that the trial court erred in overruling his objection to the testimony of Fernando Villicana as a rebuttal witness for the State. When the defense rested after testimony by alibi witness Diana Moore that defendant not only was in Fort Wayne on September 20, 1980, but had not been in Hammond at any time between July 1980 and January 1981, the State called Villicana as a rebuttal witness to testify that he had seen the defendant in Hammon on August 25, 1980. Defense counsel objected, arguing that Villicana's testimony was unworthy of belief as defendant had been acquitted in a previous case where the same testimony had been given by the same witness. The trial judge permitted Villicana, a police officer, to testify, while limiting his testimony to the fact that he had seen the defendant at an address in Hammond on August 25 and specifically prohibiting him from mentioning that he was a police officer.

The State elicited this testimony in an attempt to contradict and discredit the tes-

timony of the alibi witness. It was not improper as rebuttal evidence. *See Ramos v. State*, (1982) Ind., 433 N.E.2d 757; *Sims v. State*, (1977) 267 Ind. 215, 368 N.E.2d 1352. Defendant attempted to preclude this witness from testifying, in effect claiming that he did not possess the qualifications necessary to be a witness by virtue of defendant's acquittal in a previous case. To sustain such an objection, a trial judge would have to conclude that the prospective witness had no knowledge relevant to any issue in this case. The trial judge here could not know that from the verdict returned in the prior case. The defendant failed to establish that Villicana lacked the qualifications to be a witness in this case and the trial court committed no error by permitting him to testify.

### III.

Defendant finally claims that there was insufficient evidence of identification to support the jury's verdict. He cites discrepancies in the victim's description of his assailant at the deposition and at the trial, claiming that Yates' testimony was conflicting, unclear and contradictory. In reviewing this claim we do not weigh the evidence or resolve questions of credibility, but look only to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

Yates positively identified defendant as one of the robbers from a photograph shown to him on the night of the crime. He selected only this photograph from a large array displayed to him. At the trial, he unequivocally identified the defendant as his assailant. A conviction for robbery may rest upon the uncorroborated testimony of one witness. *Rhyne v. State*, (1983) Ind., 446 N.E.2d 970; *Clark v. State*, (1982) Ind., 431 N.E.2d 112. Any inconsistencies or weaknesses in the victim's testimony were matters to be weighed and considered by the jury. *Hollonquest v. State*, (1979) 272 Ind. 380, 398 N.E.2d 655. There was sufficient probative evidence of identification from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.