**Ronald WOODSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 882 S 296.

Supreme Court of Indiana.

March 22, 1984.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Ronald Woodson was found guilty by a jury of conspiracy to commit robbery, Ind. Code §§ 35–41–5–2 and 35–42–5–1 (Burns 1979 Repl.), a class A felony, and robbery, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), a class A felony. Upon sentencing, his conspiracy conviction was vacated and merged with the robbery conviction and he was given a forty year prison term. In this appeal he argues that the trial court erred by failing to suppress certain identification evidence and that there was insufficient evidence to support the jury's verdict.

The testimony reveals that on August 20, 1981, Joseph Britts and his son Harold were at work at J & J Auto Sales on Massachusetts Avenue in Indianapolis which the elder Britts owned. Two men approached Harold on the lot between 10:30 and 11:00 a.m. and inquired about a car. Harold testified that one of these men stood within four to five feet of him and the other stood within twenty feet and carried a pool cue. The men left, telling Harold they would return after borrowing some money.

Joseph Britts testified that he saw these men speak with Harold and overheard their conversation with him. He stated that he was alone on the lot at about 1:00 p.m. when the same men returned, accompanied by a third. As he leaned over his office desk to get them a key to the car, Joseph was struck on the head by one of the men. He was told not to turn around and when he did so was hit again and poked with a pool cue. One of the men removed a .38 revolver from a desk drawer and pointed it at Joseph. He was then handcuffed to a drawer. The men left with the gun and Joseph's billfold which contained $1100. Joseph told the police that two of the men who robbed him were the same men who had spoken to Harold that morning. He testified to the extent of his injuries and to the fact that his eyesight had deteriorated significantly since the attack.

On September 27, 1981, defendant's picture was placed in an array of six photographs displayed to Harold and Joseph Britts. Joseph chose defendant's photograph as one of his assailants. Harold identified defendant's picture as that of one of the two men he had seen on the lot on the morning of the robbery. On September 29, 1981, a lineup was held. Harold Britts again selected the defendant as one of the two men who had visited the lot on the morning of August 20. Joseph identified both defendant and another as the robbers. At trial, Joseph testified that he did not see his attacker in the courtroom but was also not able to identify anyone in the room. Harold testified that he could not identify anyone in the courtroom as one of the men on the lot.

Joseph Hudson testified pursuant to a plea agreement that he knew defendant and spoke with him on August 21, 1981. He stated that the defendant told him that he had robbed a used car lot on Massachusetts Avenue the previous day and taken $1300. Detective Thomas Trathen was also a witness for the State, and he testified about the pre-trial photographic and lineup identifications, as well as to the fact that the robbery of J & J Auto Sales was the only robbery of a used car lot on Massachusetts Avenue on August 20, 1981.

Defendant presented three witnesses. His sister testified about his appearance around the time of the offense. Two alibi witnesses testified that they were with the defendant from 5:30 a.m. to 2:45 p.m. on August 20, 1981 and that he was assisting them with their mail delivery service during this time. They further stated that they were with the defendant when they saw a television news report that afternoon about the robbery of J & J Auto Sales and

that defendant had been with them continuously until that time.

Defendant moved at trial to suppress any evidence or testimony concerning the pre-trial lineup before witness Harold Britts. That motion was denied. He claims that the lineup was unduly suggestive since defendant was the only person in the lineup whose picture had been displayed to Harold Britts two days before. Due process requires the suppression of extrajudicial identifications which are conducted in an unnecessarily suggestive manner and result in the creation of a substantial likelihood of misidentification. *Stovall v. Denno*, (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

In *Hollonquest v. State*, (1979) 272 Ind. 380, 398 N.E.2d 655, we considered a similar claim that a lineup identification was rendered unduly suggestive by reason of the precedent identification of the appellant from an array of photographs. There, as here, there was no suggestion to the identifying witness that the individual selected by photograph would be in the lineup. We said in *Hollonquest* that "[t]he level of suggestivity in the corporeal lineup was no more than is necessary to the conduct of any line-up employed after a photographic identification." *Id.* at 383, 398 N.E.2d at 657. We conclude that in this case, as in *Hollonquest,* the lineup identification was not unnecessarily suggestive and did not give rise to a substantial likelihood of misidentification. The testimony and evidence concerning Harold Britts' identification of defendant was admissible and there was no error in denying defendant's motion to suppress.

Defendant also claims that there was insufficient evidence of identification to support the jury's verdict. When we review the sufficiency of the evidence to support a verdict, we neither weigh the evidence nor resolve questions of credibility but look only to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

The evidence most favorable to the verdict here shows that Harold Britts made an unequivocal identification of defendant as one of the two men who visited the car lot on the morning of the offense. He also positively identified defendant at the corporeal lineup. Joseph Britts testified that the men who came to the lot in the morning returned to rob and beat him that afternoon. He unequivocally identified defendant as one of those men after viewing the photographic array. He chose defendant and another at the lineup as two of the robbers. Defendant was further implicated by the testimony of Joseph Hudson who reported that defendant admitted his participation in this offense to him. While neither Britts was able to identify defendant in the courtroom, Joseph testified that his deteriorated eyesight made it difficult for him to see anyone and Harold's inability was accompanied by his testimony and that of other witnesses that defendant's appearance had changed at the time of the trial.

On direct examination, Harold Britts was asked to examine State's Exhibit 7, a photograph taken of the live lineup held on September 29. He testified that at the time of the lineup he chose the man standing in position number 2 as one of the men who had attacked his father. He was then asked by the prosecutor to draw a mark on the picture of the lineup over the person he had seen on the car lot on the day of the offense. He again selected the man in position number 2. Although he was unable to connect that man with the defendant in the courtroom, several others did make that connection. Detective Trathen testified that defendant Ronald Woodson was the person standing in position number 2 in State's Exhibit 7. Defense witnesses Gwendolyn Woodson and Andrea Jenice

Williams both identified defendant Woodson as the man appearing in State's Exhibit 7.

 We find this chain of evidence was sufficient to permit the jury to find defendant guilty beyond a reasonable doubt, despite the inability of Harold and Joseph Britts to identify the defendant at trial. *See, Richardson v. State,* (1979) 270 Ind. 566, 388 N.E.2d 488. The weight accorded the identifications of the defendant by the eyewitnesses, the testimony of Hudson recounting defendant's incriminating admission and the alibis provided by defense witnesses was within the province of the jury, and we will not disturb their determination.

The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.