Michael WILLIAMS a/k/a Michael D. Phillips, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1284S504.

Supreme Court of Indiana.

Aug. 26, 1986.

Brian May, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Michael Williams was convicted following jury trial of robbery, a class A felony[1]. This direct appeal raises two issues:

1. failure to instruct on lesser-included offense; and,

2. sufficiency of evidence.

## ISSUE I

Defendant argues that the trial court erred in refusing the following tendered instruction, which would have allowed the jury to consider a lesser-included offense:

## DEFENDANT'S INSTRUCTION NO. 2

The crime of Robbery is defined as follows:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

1. By using or threatening the use of force on a person, commits Robbery, a Class C Felony; if the crime of robbery results in bodily injury to any person other than the defendant the crime becomes Robbery, a Class A Felony.

If you the jurors find that the State of Indiana has failed to prove any one of the essential elements of Robbery, a Class A Felony, you should find the defendant not guilty. You should again decide if the State has proven beyond a reasonable doubt all of the elements of the included crime of *Theft, a Class D Felony*. The included crime of *Theft, a Class D Felony* is defined as follows:

A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits *Receiving Stolen Property, a Class D Felony*.

If you the jurors find that the State of Indiana has failed to prove any one of the essential elements of *Theft, a Class D Felony* beyond a reasonable doubt the defendant should be found not guilty. [Emphasis supplied]

The relevant statutes at the time of the offense included Ind.Code § 35–42–5–1, which provided in pertinent part:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person ...

commits robbery, a class C felony. However, the offense is ... a class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

Ind.Code § 35–43–4–2 defined two separate class D felonies: theft and receiving stolen property:

(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony.

(b) A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a class D felony.

■ The substance of defendant's contention regarding receiving stolen property as a lesser-included offense of robbery is not properly raised by the tendered Defendant's Instruction No. 2. The proposed instruction erroneously co-mingled the terms "theft, a class D felony" and "receiving stolen property, a class D felony;"

[1]. Ind.Code § 35–42–5–1.

therefore, the tendered instruction is an incorrect statement of law. Purporting to define the crime of "theft, a class D felony," the instruction proceeds to set forth the definition of a different offense, "receiving stolen property, a class D felony." Because of the erroneous tendered instruction, it cannot now be claimed that the trial court erred in its refusal. *Tunstall v. State* (1983), Ind., 451 N.E.2d 1077; *Richey v. State* (1981), Ind., 426 N.E.2d 389.

## ISSUE II

■ Defendant contends that the evidence was insufficient to sustain the verdict. In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Furthermore, a conviction for robbery may rest on the uncorroborated testimony of one witness. *E.g.*, *Tolbert v. State* (1984), Ind., 459 N.E.2d 1189, 1192 and authorities cited.

■ Applying this standard, the record shows that the victim was placing her two young children into her automobile when she was approached and grabbed from behind. She had parked under a street light, which was on, in a department store parking lot. The victim struggled and attempted to get into her automobile but the assailant pulled her to the ground. She stopped struggling and allowed the male assailant to take her purse only after he suggested he might hurt her children. She suffered bruises, cuts and other injuries. The following day South Bend police officers stopped an automobile on the suspicion a passenger was one Kenneth Pope, who was wanted on federal felony warrants. They discovered the passenger was defendant, but observed a number of personal items,

including charge plates, in the automobile. The driver gave police permission to take these items, which in turn were discovered to have been taken from the victim's purse. Defendant told police officers he had attempted to hide the items under the passenger seat at the driver's request, and that he knew they were "probably" stolen. Defendant denied any involvement in the robbery. When the victim later identified a photograph of defendant as her assailant, the instant charge was filed. At trial she identified defendant as the assailant.

Defendant argues that the duration of the attack was too short for reliable identification, that his fingerprints were not found on the victim's charge plates, that two officers initially believed he was one Kenneth Pope wanted by federal authorities, and that he was with friends when the attack occurred. However, the victim's identification of defendant at trial was unequivocal, and her testimony is strongly corroborated by defendant's unexplained possession of her personal items one day after the robbery.

We find that a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.