## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 11 2017, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Neve'rean Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 11, 2017

Court of Appeals Case No.
49A05-1703-CR-520

Appeal from the Marion Superior Court

The Honorable Angela Dow Davis, Judge

Trial Court Cause No.
49G16-1611-CM-43017

**Robb, Judge.**

# Case Summary and Issue

Following a bench trial, Neve'rean Jackson was convicted of resisting law enforcement, a Class A misdemeanor. Jackson appeals his conviction and raises one issue for our review: whether the trial court abused its discretion in admitting pre-trial identification evidence. Concluding the trial court did not abuse its discretion, we affirm Jackson's conviction.

# Facts and Procedural History

On September 26, 2016, Officer Brandon Raftery of the Lawrence Police Department was dispatched to a disturbance of a male and female arguing. When he arrived on the scene, both the male and female began to flee. Officer Raftery exited his vehicle and ordered them to stop. Officer Raftery then pursued the male who climbed a fence to evade capture. As the officer reached the fence, the male fell over the fence and landed on his back. Officer Raftery climbed to the top of the fence, observed the male on his back, and again ordered him to stop. When it became clear the male did not intend to comply, Officer Raftery deployed his taser, but it became entangled in some bushes without making contact with the male. The man then continued to flee and temporarily evaded capture.

On October 11, 2016, Detective Stacy Henshaw showed Officer Raftery a photo array of six males. Because one of the males in the photo had his head tilted upward and was not looking at the camera, Officer Raftery stated he would not

attempt to identify the suspect from that photo array. Several days later, Detective Henshaw showed Officer Raftery another photo array of six males. From this photo array, Officer Raftery identified Jackson as the person who fled from him on September 26, 2016.

[4] The State charged Jackson with resisting law enforcement, a Class A misdemeanor; domestic battery, a Class A misdemeanor; and battery resulting in bodily injury, a Class A misdemeanor. At trial, Officer Raftery testified and identified Jackson as the person he chased. He based his in-court identification on his recollection of Jackson during the pursuit. The State also admitted the photo arrays into evidence, to which Jackson objected. The trial court found Jackson guilty of resisting law enforcement and sentenced him to an executed sentence of 180 days in the Indiana Department of Correction with 146 days of credit time.[1] Jackson now appeals.

# Discussion and Decision

[5] Jackson argues the trial court abused its discretion in admitting evidence of the photo arrays used to identify Jackson prior to trial. Specifically, Jackson claims the photo arrays were inadmissible because they were susceptible to misidentification and unduly suggestive.

---

[1] At trial, the State moved to dismiss both battery charges.

[6] The admission of evidence is within the trial court's discretion and the decision is reviewable only for an abuse of discretion. *Albee v. State*, 71 N.E.3d 856, 860 (Ind. Ct. App. 2017). However, identification procedures used by the police must also comport with a defendant's due process rights. *Williams v. State*, 271 Ind. 656, 660, 395 N.E.2d 239, 243 (1979). Identification procedures which are so suggestive as to give rise to a substantial likelihood of misidentification violate a defendant's due process rights. *Id.* In determining whether identification procedures should have been excluded, reviewing courts look to the totality of the circumstances. *Heiman v. State*, 511 N.E.2d 458, 459 (Ind. 1987).

[7] Our examination of the photo arrays does not lead to the conclusion they are likely to lead to misidentification and Jackson makes no argument regarding how they are unduly suggestive. The first photo array contains six men of similar age and characteristics. Because one of the men in that array is not looking at the camera and had his head tilted upward, Officer Raftery refused to make an identification from that array. The second array contains a photo of the defendant and five other men of similar age and characteristics and is not unduly suggestive.

[8] Moreover, even assuming it was unduly suggestive, Officer Raftery had a substantial independent basis for making his in-court identification of Jackson. When an unnecessarily suggestive pre-trial identification has occurred, a witness's in-court identification is permissible if, independent of the unconstitutional confrontation, an independent basis for the witness's in-court

identification exists. *Heiman*, 511 N.E.2d at 460. The factors to be considered include the witness's opportunity to view the criminal when the crime was committed, their degree of attention at the time, the accuracy of their prior descriptions, their level of certainty in the pre-trial identification, and the length of time between the crime and the identification. *Id.*

[9] At trial, Officer Raftery testified he clearly observed the features of the man he chased such that he could identify him again. In describing the chase, Officer Raftery stated,

> [Officer Raftery]: I jumped up on the top of the privacy fence and looked over and the male was laying on his back looking up at me.
>
> * * *
>
> [State]: [W]ere you able to identify him at any point or get a good look at the individual who was fleeing from you?
>
> [Officer Raftery]: I did get a good look at him, yes.
>
> [State]: Would you be able to identify him if you were to see him again?
>
> [Officer Raftery]: Yes.
>
> * * *

| [State]: | And you stated that the bushes were not—there were no leaves? |
|---|---|
| [Officer Raftery]: | Yes, there were no leaves. I mean, I had a clear view looking straight down at him. |

Transcript, Volume II at 7-9, 22. Under these circumstances, we conclude Officer Raftery had a sufficient independent basis from which he could make a direct in-court identification of Jackson.

# Conclusion

The trial court did not abuse its discretion in admitting pre-trial identification evidence. Accordingly, we affirm Jackson's conviction.

Affirmed.

Riley, J., and Pyle, J., concur.