KEITH RICHARD TAYLOR *v*. STATE OF INDIANA.

[No. 971S271. Filed February 7, 1973. Rehearing denied March 21, 1973.]

*William Dougherty,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a conviction of robbery (IC 1971, 35-13-4-6, being Burns § 10-4101) at a trial conducted in the Marion Criminal Court, Honorable Saul I. Rabb, presiding. Appellant was sentenced to not less than ten nor more than twenty years at the Indiana State Reformatory. He bases his appeal on the contention that the evidence at trial was insufficient to sustain the conviction.

Evidence introduced by the State at trial showed that one Sharon Murphy was the manager of Rix Roast Beef Restaurant on the night of March 7, 1971. She testified that she first saw the appellant at around 8:00 p.m. when he asked her for an employment application. Miss Murphy stated that appellant stayed in the restaurant for about one half hour and left without turning in the application.

At about midnight the same night Miss Murphy was closing the restaurant when she noticed appellant sitting in one of the booths. Appellant gave Miss Murphy an application for employment which was only partially filled-in. Miss Murphy explained that she could not accept the application unless it was entirely completed. Appellant replied that she had better take a look at it anyway and when she did so she discovered a note attached to the rear of the paper which read, "This is a stick up. Please invite me in the back and no one will get hurt."

Miss Murphy further testified that she was afraid and did

not move at first. Appellant became more insistent and showed her a pistol he had in his pocket. Finally he put the gun in her back and led her into the back area where he forced her to open the safe. Appellant then locked Miss Murphy and three other employees in a walk-in cooler. A subsequent accounting disclosed that $864.13 had been taken from the safe and that this money was the property of Rix Systems Inc.

Initially, we must again reiterate that when we are called upon to decide a question concerning the sufficiency of the evidence of a particular conviction we will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339.

The elements of robbery as defined by our statute include a taking from another of an article of value by putting the other in fear. The evidence demonstrated that Miss Murphy was forced to give appellant over $800.00 belonging to Rix Systems Inc. because she was placed in fear. Such testimony clearly supports a conviction of robbery.

Appellant asserts, however, that the State's witness was mistaken as to his identity and that at the time of the alleged robbery he had a mustache, goatee and a shaved head. State's witness on the other hand stated that she spoke with appellant on two separate occasions on the night of the incident and was in his company for a period of time and was positive of his identification. In any event such a discrepancy between the State's case and appellant's testimony is a question of credibility and, as we stated above, one not properly entertained on appeal. Judgment affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 890.