Bernard WILLIAMS, a/k/a Anthony Sherrard, Appellant,

v.

STATE of Indiana, Appellee.

No. 880S360.

Supreme Court of Indiana.

Aug. 25, 1981.
Rehearing Denied Oct. 30, 1981.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., C. Ambrose Ramsey, Research Asst., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant was convicted of Theft, Ind. Code § 35–43–4–2 (Burns 1979) and found to be an Habitual Offender, Ind.Code § 35–50–2–8 (Burns 1979). He was sentenced to a total of thirty-four (34) years imprisonment.

The sole issue presented for our review is whether the evidence presented at the habitual offender hearing was sufficient to support the court's finding that appellant was an habitual offender.

■ The statute provides for enhanced sentences for those found to be habitual offenders, and habitual offenders are therein defined. Ind.Code § 35–50–2–8 (Burns 1979) provides as follows:

"(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions."

A conviction is excluded if it has been set aside or if it is one for which the offender has been pardoned. Ind.Code § 35–50–2–8(b). Appellant contends that it was therefore incumbent upon the State to prove not only that he had accumulated the requisite convictions, but that he had not been pardoned. However, we view the exclusions mentioned as being affirmative defenses to the habitual criminal charge, and hold that the burden is upon the defendant to come forward with such a defense rather than on the state to prove the negative, that the appellant has not been pardoned.

■ In addition, this precise issue was discussed at trial. It was explained by the court that prior convictions would not count with regard to § 35–50–2–8 if in fact there had been a pardon or if the judgment had been set aside. The Court stated:

COURT: Well, the judgment set aside, that means the conviction is set aside. There is no issue of that in these cases. You are not going to present anything to the effect that any judgment has been set aside, are you?

MR. BEERBOWER: No, we do not intend to.

It is clear that in this case there was no offer of any proof or claim that any judgment had been set aside, or that appellant had been pardoned. There is no error on this issue.

Appellant also claims that the documents and testimony were insufficient to prove the two prior felony convictions. He claims that the documents were incomplete insofar as they did not set out the penalty imposed.

Defendant had been convicted of forgery in 1971 and of theft in 1975. The State introduced into evidence certified copies of the order book entries in such cases, which showed findings upon guilty pleas. Lawyers who had represented the defendant in those prior proceedings testified that Williams, the appellant here, and the defendant in those proceedings, were one and the same person. The State also established by the testimony of one of the lawyers, that

the Defendant had been sentenced on the forgery conviction. The appellant admitted that he had "served time." Appellant Williams testified, "I was convicted of a forgery, yes." and "I do have a theft conviction." The State must, of course, prove that the defendant has been convicted, or has accumulated two prior unrelated felony convictions. There is sufficient evidence here that the previous convictions of this defendant were final judgments. There was no other evidence regarding the sentencing of the defendant, as the trial judge had determined that since sentencing was not a function of the jury, no mention was to be made of sentencing. *See, Griffin v. State* (1981), Ind., 415 N.E.2d 60; *Debose v. State* (1979), Ind., 389 N.E.2d 272. The trial court had ruled on a *motion in limine* that the jury not be allowed to be advised of penalties or sentences.

■ The motion in limine read in pertinent part as follows:

"Wherefore, the State of Indiana respectfully requests the Court to instruct the Defendant and its counsel and witnesses not to mention, refer to, interrogate, concerning or attempt to convey to the Jury in any manner, either directly or indirectly, the penalty or possible sentence for this and related felonies without first obtaining permission of the Court outside the presence and hearing of the Jury...."

Record at 228.

This motion was granted and the defense attorney asked as follows:

"Your Honor, would I be correct in stating then that we cannot make any reference to the sentencing that just has occurred, nor can the witnesses make any reference to the sentencing on any prior conviction for which he has been convicted of?

Record at 229. The court replied that that would be correct and that the issue was whether or not the defendant had the convictions, not the sentences. This ruling extended the restriction further than necessary, since the general rule relates here to not informing the jury as to the sentence to be imposed for being found to be an habitual criminal rather than to prevent the jury being informed of any previous sentences given on prior convictions. *Griffin, supra, and cases cited therein, Debose, supra.* However, it was not error in this case to have restricted the mention of any sentences.

■ Even though there was no direct evidence presented regarding the sentencing of the appellant on the theft conviction, there was ample evidence presented that he had been convicted of forgery in 1971 and of theft in 1975, and that he had served time. Other witnesses, including the trial judge, testified that he had been convicted of the two felonies. Judge Busse testified that these causes had been completed and there was no claim that these were not final judgments. The evidence was sufficient to prove that appellant had accumulated two (2) prior unrelated felony convictions.

Judgment affirmed.

GIVAN, C, J., and HUNTER, J., concur.

PRENTICE, J., dissents with separate opinion in which DeBRULER, J., concurs.

PRENTICE, Justice, dissenting.

While I agree that the burden of proving a pardon or that a conviction had been set aside, Ind.Code § 35–50–2–8(b) (Burns 1979), rested with the defendant, I dissent from the remainder of the majority opinion.

Ind.Code § 35–50–2–8 (Burns 1979) provides for enhanced sentences for those found to be habitual offenders, and habitual offenders are therein defined in terms of prior convictions and sentences.[1]

1. 35–50–2–8. Habitual offenders.—(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two [2] prior unrelated felony convictions.

A person who is found to be an habitual offender shall be imprisoned for an additional fixed term of thirty [30] years, to be added to the fixed term of imprisonment imposed under section 3, 4, 5, 6, or 7 [35–50–2–3—35–50–2–7] of this chapter.

"It is clear from the statute that to sustain a sentence under it, the State must show that the defendant has been previously *twice convicted* and *twice sentenced* for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction." *Miller v. State*, (1981) Ind., 417 N.E.2d 339, 342 (italics in original).

In this case, the State undertook to prove that the defendant had been convicted and sentenced for forgery in 1971 and for theft in 1975. It introduced into evidence certified copies of the order book entries in such cases, which evidenced findings upon guilty pleas as to both prior offenses. Transcripts of the sentencings, however, were not introduced.

By the testimony of the lawyers who had represented the defendant in those prior proceedings, the State established that the defendant therein and Defendant (Appellant herein) were one and the same. The State also established, by the testimony of one of the lawyers, that Defendant had been sentenced upon the forgery conviction but did not present any evidence that he had been sentenced upon the theft conviction.

The trial court's order in limine was addressed to the defendant and did not restrict the State in presenting evidence of sentencing. The record, however, is devoid of evidence that Defendant had ever been sentenced upon the theft conviction. One could infer that he had been sentenced for some offense from his own admission that he had "served time." However, there is no disclosure with respect to the conviction under which it was served.

Under the statute the State must show a sentencing for each of the alleged prior convictions. The State, however, made no attempt to prove the sentencing circumstantially, for example by showing that the defendant "served time" for two alleged prior felonies and had not "served time" for any conviction other than those charged. For all that can be discerned from this record, Defendant may have served time for unrelated Misdemeanors. A reasonable trier of fact may not infer, beyond a reasonable doubt, Ind.Code § 35–50–2–8(d), that a defendant had been sentenced for a specifically alleged prior felony conviction from a naked admission that he had been in jail.

Copies of docket sheets were identified as exhibits and were commented upon by some of the witnesses. It is possible that they disclosed that the defendant had been sentenced upon the theft charge. However, they were never introduced into evidence and are not part of the record. Further, none of the testimony reveals what the docket sheets evidenced, other than that they did relate to the aforementioned forgery and theft convictions. That the judgments of conviction were identified as final, by Judge Busse, the judge who had presided at the guilty plea hearing, is of no consequence. He merely identified his signatures upon the docket sheets. He also acknowledged that he did not know whether the defendant was the same person who had suffered the convictions shown by such

(b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two [2] prior unrelated felony convictions. However, a conviction does not count, for purposes of this subsection, if:
  (1) It has been set aside; or
  (2) It is one for which the person has been pardoned.
  (c) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing; if the trial was to the court, or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing, under IC 35–4.1–4–3 [35–50–1A–3].
  (d) The jury (if the hearing is by jury), or the court (if the hearing is to the court alone), may find the person is an habitual offender only if the state has proved beyond a reasonable doubt that the person had accumulated two [2] prior unrelated felony convictions. [IC 35–50–2–8, as added by Acts 1976, P.L. 148, § 8, p. 718; 1977, P.L. 340, § 121, p. 1533.]

docket sheets. His testimony cannot be regarded as evidence against the defendant.

Upon this state of the record, the finding that the defendant was an habitual offender cannot stand. The finding results in the denial of Defendant's freedom. The quality of proof to sustain such finding is fixed by statute and is the same as that required to sustain a guilty verdict upon a crime charged, "*beyond a reasonable doubt.*" The State simply failed to prove one of the required elements. My determination is not arrived at by weighing evidence or determining credibility. Rather, the record is devoid of any evidence from which it can be found, or reasonably inferred, that the defendant has ever been sentenced upon the prior theft conviction. It is not the office of this Court to patch the holes sometimes left by inexperienced or careless counsel. By doing so, we may be supplying an essential thread which, in fact, was nonexistent. The finding, therefore, is contrary to law and a denial of Defendant's constitutional rights to due process of law. The case should be remanded and the defendant resentenced.

DeBRULER, J., concurs.