Nickie Lynn **TWYMAN**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 281S44.

Supreme Court of Indiana.

March 2, 1982.

Leroy K. New, Carmel, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., C. Ambrose Ramsey, Research Asst., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant-defendant, Nickie Lynn Twyman, was charged with burglary, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), and robbery, Ind.Code § 35–42–5–1 (Burns 1979 Repl.). The robbery charge was dismissed by the State and Count III, an allegation that the defendant is an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.), was added.

The defendant was tried by the court and convicted of the burglary. The court found that he is an habitual offender, as alleged, and sentenced him to forty years' imprisonment.

The sole issue on appeal is whether there was sufficient evidence to support the finding that the defendant is an habitual offender.

To prove that the defendant is an habitual offender, the State introduced Exhibit No. 3, consisting of certified docket entries, order book entries, and commitment paperwork showing that in 1974 William Twyman was convicted, sentenced, and committed to state prison on charges of assault and battery with intent to commit a felony; and Exhibit No. 4, consisting of certified docket entries, order book entries, and commitment paperwork showing that in 1978 William T. Twyman was convicted, sentenced, and committed to state prison on a charge of burglary.

The defendant claims that there was insufficient evidence to prove that he is the same person as the William Twyman or William T. Twyman whose prior convictions were the basis of the habitual offender allegation.

In reviewing claims of insufficient evidence, this Court does not weigh the evidence or resolve questions of credibility, but only looks to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657; *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890.

Officer Schachte, a fingerprint examiner with the Indianapolis Police Department, testified that he took fingerprints from the defendant on the day the trial began. He compared the thumbprints taken that day with a thumbprint on the arrest report record of William Twyman in connection with an arrest on May 9, 1974, on a charge of armed robbery, and with a thumbprint on the arrest report record of William T. Twyman in connection with an arrest on January 27, 1978, on a charge of burglary. Schachte testified that all of the thumbprints were of the same person.

The defendant argues that the arrest report records are not evidence that he was convicted. The arrest report records are certified, true copies of arrest records kept in the ordinary course of business of the Indianapolis Police Department. Officer Schachte testified that he was the custodian of arrest records. He was asked by the defense whether there was any way that he could tell from the thumbprint records whether the arrests they evidenced resulted in any convictions. Schachte replied that he could not.

The May 9, 1974 arrest report record contains the notation, "Disposition—Capias Cr. 74–111D, sentenced 1 to 10 years." This capias number is the same as that appearing on the charging information, docket entry and order entry sheet signed by Judge Saul Raab, and commitment to the Department of Corrections, all relating to the 1974

conviction of William Twyman for assault with intent to commit a felony and sentence of one to ten years. Thus, there was evidence that the person arrested and finger-printed in May, 1974 was the same person who was convicted in July, 1974. In addition to this, there were photographs in the Department of Corrections records submitted as evidence of the 1974 conviction which the trial court could have used to compare with the appearance of the defendant to establish identity. There was sufficient evidence from which the trier of fact could have concluded that the defendant had been convicted of a prior felony in 1974.

The January, 1978 arrest report record does not contain a capias number which could be linked to subsequent proceedings culminating in conviction. There is other evidence that the arrestee is the same William T. Twyman who was convicted in 1978, however. The address of the arrestee shown on the arrest report record is 2602 N. New Jersey, Indianapolis, and the address of the William T. Twyman committed to the Department of Corrections in 1978, is 2606 N. New Jersey, Indianapolis. The arrestee's birthdate on the arrest report record and the birthdate shown for William T. Twyman on the Department of Corrections "Notice of Arrival and Identification" form in connection with the 1978 conviction is the same, as is the birthplace. Furthermore, there were photographs in the Department of Corrections records submitted as evidence of the 1978 conviction which the trial court could have used to compare with the appearance of the defendant to establish identity.

There was sufficient evidence from which the trier of fact could have concluded that the defendant had been convicted of a felony in 1978.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.