Clinton SPIVEY, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 381S59.

Supreme Court of Indiana.

June 8, 1982.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Robbery, Ind.Code § 35–42–5–1 (Burns 1979), Criminal Confinement, Ind.Code § 35–42–3–3 (Burns 1979), Kidnapping, Ind. Code § 35–42–3–2 (Burns 1979), and Attempted Murder, Ind.Code § 35–41–5–1 (Burns 1979) and of being a Habitual Offender, Ind.Code § 35–50–2–8 (Burns 1979) and was sentenced to a total of ninety (90) years imprisonment. This direct appeal seeks review upon the following issues:

(1) Whether the evidence was sufficient to sustain the verdicts?

(2) Whether the trial court erred in denying the Defendant's motion for a continuance seeking additional time in which to retain private counsel.

\* \* \*

## ISSUE I

The Defendant entered the office of an oil station on February 29, 1980, drew a revolver, and ordered two employees to go into a back room. He then ordered the employees to open the station safe. After he had emptied the safe of its contents, the Defendant pointed his gun at the employees and ordered them to lie on the floor for five minutes. He then ·fled, and the two employees immediately began to chase him.

One of the employees testified that he saw the Defendant turn and point a gun at him, and that he heard a shot fired shortly thereafter. Police later found one spent cartridge and two live cartridges in the Defendant's revolver. The Defendant commandeered an automobile in a nearby parking lot by pointing his revolver at the car's two occupants and ordering them to drive away. When the police caught up to the automobile, Defendant held one occupant hostage with a gun to her head until he was finally subdued. The oil station's money was recovered from Defendant's jacket.

Defendant argues that the evidence was insufficient to sustain the convictions for confinement, attempted murder, or habitual offender status.

■ Confinement is defined as the knowing or intentional interference with another person's freedom of movement without their consent. Ind.Code § 35–42–3–3 (Burns 1979). In this case, the evidence demonstrates that the defendant substantially interfered with the liberty of the two employees without their consent. The fact that the employees were able to break away from the confinement does not negate the determining factor that a jury could find, beyond a reasonable doubt, that a nonconsensual confinement took place. *Sammons v. State*, (1979) Ind.App., 397 N.E.2d 289, 294.

■ Defendant next argues that there was insufficient evidence to support the verdict of attempted murder. The intent to commit murder, as an element of the crime of attempted murder, may be inferred from the deliberate use of a deadly weapon in a manner reasonably likely to cause death. *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507, 509. Defendant claims that he intended only to scare the employees when he fired the shot from his revolver. However, the discharging of the revolver by Defendant is substantial evidence from which the trier of fact could infer, beyond a reasonable doubt, that he intended to kill them.

At trial, the State introduced exhibits evidencing previous convictions, sentencings and commitments to show that the Defendant was an habitual offender. Defendant contends that the trial court erred in admitting these exhibits and that without such exhibits the evidence on the habitual charge was also insufficient.

The challenged exhibits were as follows: Exhibits 7, 9 and 11 were certified copies of court records evidencing Defendant's convictions and sentencings for three prior, unrelated felonies. Exhibits 8, 10 and 12 were certified copies of prison records evidencing his imprisonment for each of the three aforementioned felonies.

■ We first note that the habitual offender statute under which Defendant was tried and sentenced, Ind.Code § 35–50–2–8 (Burns 1979) does not require the accused to have been imprisoned for the prior felonies. It differs, in this respect, from the earlier statute. Exhibits 8, 10 and 12, therefore, were not material to the alleged habitual offender status and were mere surplusage.

■ Defendant made no objection, at trial, to the admission of exhibits 7, 8, or 10, and has made no argument, by his brief, with respect to the admissibility of exhibit 9, although he objected to its admission, at trial, upon the ground that it was a five page document and the certification thereof appeared upon but four of the pages. Therefore, error, if any, in the admission of these exhibits, has been waived. *Stubblefield v. State*, (1979) Ind., 386 N.E.2d 665 (Re. Exhibits 7, 8, and 10), Ind.R.App.P. 8.3(a)(7) (Re. Exhibit 9).

■ With respect to Exhibit 11, which was a certified copy of court records evidencing a prior conviction of Defendant upon two felony counts in a trial in which he had been charged in four counts, Defendant objected to the admission of this exhibit upon the grounds that it contained irrelevant information, counts upon which he had not been convicted. On appeal, however, Defendant abandoned such grounds and, instead, argues that the exhibit was not admissible because not properly certified. Inasmuch as the in-trial objection was not upon such grounds, the argu-

ment is not available on appeal. *Stubble-field, supra.*

 We find no error in the admission of exhibits 7, 8 or 9 and they clearly reveal that the defendant was an habitual offender. It follows that there was no evidentiary deficiency upon this issue.

### ISSUE II

Defendant next argues that the trial court erred when it denied two motions for continuances to allow him to obtain private counsel.

Defendant was arraigned on March 5, 1980. The trial date was originally set for June 16, 1980. On June 11, 1980, Defendant moved for and was granted a continuance, although the record fails to disclose the reason for the continuance. The trial was then reset for September 15, 1980. On September 10, 1980, Defendant again moved for a continuance in order to permit the raising of sufficient funds with which to hire private counsel. This motion was denied. Defendant argues that on the day of trial this motion was renewed and that he advised the court that he had available to him almost all of the required funds but that the motion was again denied. The record does not reveal any such action being taken on the trial date.

 Defendant was not denied a reasonable opportunity to obtain an attorney of his choice. The trial had been postponed three months at Defendant's request and there is no claim that the appointed counsel was unprepared for trial. The denial of a motion for continuance based upon a ground not stated in Ind.Code § 35–1–26–1 (Burns 1979) will not be disturbed where, as here, there is no showing of an abuse of discretion by the trial court. *Works v. State,* (1977) 266 Ind. 250, 362 N.E.2d 144.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.