Bernard WILLIAMS, a/k/a Anthony Sherrard, Petitioner-Appellant,

v.

Jack R. DUCKWORTH, Warden, and Indiana Attorney General, Respondents-Appellees.

No. 83–1158.

United States Court of Appeals, Seventh Circuit.

Submitted April 19, 1984.*

Decided June 27, 1984.

Rehearing and Rehearing En Banc Denied Sept. 20, 1984.

Joseph M. Kalady, Legal Asst., Michigan City, Ind., for petitioner-appellant.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Petitioner has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before CUMMINGS, Chief Judge, PELL, Circuit Judge, and SWYGERT, Senior Circuit Judge.

SWYGERT, Senior Circuit Judge.

Pro se petitioner, Bernard Williams, appeals the denial of his petition for a writ of habeas corpus. In his petition, Williams asserts that there was insufficient evidence to support a finding that he was an habitual offender. Ind.Code § 35–50–2–8. The district court rejected that contention. For the following reasons, we hold that there was insufficient evidence to support a finding beyond a reasonable doubt that Williams was an habitual offender. We reverse the district court and grant petitioner's request for habeas relief.

## I.

Petitioner Williams was convicted by a jury of theft in the Superior Court of Allen County, Indiana, and in a separate proceeding he was found, by the same jury, to be an habitual offender pursuant to Ind.Code § 35–50–2–8.[1] Williams was sentenced to four years imprisonment on the theft charge and to a consecutive term of thirty years as an habitual offender.

The petitioner appealed to the Indiana Supreme Court from his conviction as an habitual offender. His sole claim of error was that there was insufficient evidence to support the finding that he was an habitual offender. The Indiana Supreme Court affirmed the conviction by a divided court. *Williams v. State,* 424 N.E.2d 1017 (Ind. 1981).

Williams then filed a habeas petition in the federal district court, raising the same contention he had made in the Indiana Supreme Court. The district court dismissed the petition, finding no basis for habeas relief.

Because petitioner challenges the sufficiency of the evidence presented at the habitual offender proceeding, we will review the evidence presented at that proceeding in some detail.[2]

---

**1.** The relevant portion of the statute in effect at the time of the hearing reads as follows:

35–50–2–8 Habitual offenders

Sec. 8. (a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions. A person who is found to be an habitual offender shall be imprisoned for an additional fixed term of thirty (30) years, to be added to the fixed term of imprisonment imposed under section 3, 4, 5, 6, or 7 of this chapter.

(b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two (2) prior unrelated felony convictions. However, a conviction does not count, for purposes of this subsection, if:

(1) it has been set aside; or
(2) it is one for which the person has been pardoned.

(c) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing; if the trial was to the court, or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing, under IC 35–4.1–4.3.

(d) The jury (if the hearing is by jury), or the court (if the hearing is to the court alone), may find that the person is an habitual offender only if the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions.

**2.** The state suggests that, as a federal court, we should defer to the state appellate court's factual findings in the absence of any of the enumerated exceptions listed in 28 U.S.C. § 2254(d). *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The state has enunciated the general rule of deferral to state court factual findings. This general rule of deferral, under certain circumstances, may even be applied to sufficiency of the evidence claims, *see Davis v. Franzen,* 671 F.2d 1056 (7th Cir.1982); *United States ex rel. Green v. Greer,* 667 F.2d 585 (7th Cir.1981); although 28 U.S.C. § 2254(d)(8) provides that deferral to the state court factual findings is inappropriate where the findings are not fairly supported by the record. The record in the instant case does not fairly support the determination that Williams was sentenced on his second conviction. We do not agree with the state's assertion that Williams has not attacked the factual determinations of the Indiana court. Williams's claim, by its very nature, attacks the factual findings by asserting that there was no evidence presented to show that he was sentenced for the second felony conviction.

The habitual offender proceeding [3] commenced with a *motion in limine* by the state to prevent the defense from mentioning the actual sentence the defendant would receive should he be found to be an habitual offender.[4] The court granted the state's motion and, upon a request for clarification, ruled that the motion also pertained to mentioning sentences that the petitioner received on any of his previous convictions.

The evidentiary hearing began with the state calling the attorney who represented petitioner on a 1971 forgery conviction. The attorney, testifying pursuant to a subpoena, stated that he had represented Williams in 1971 on a forgery charge. The attorney identified the defendant as the same person whom he represented in 1971, and testified that Williams had pleaded guilty to the forgery charge. The attorney testified that the petitioner was sentenced on the same charge. The state introduced a copy of the order accepting defendant's guilty plea. The order does not reflect the fact that petitioner was sentenced, but merely sets the date for the sentencing hearing. The attorney also testified that to the best of his knowledge the 1975 charge against defendant appeared to be unrelated to the 1971 forgery conviction.

The next witness called by the state, again testifying under subpoena, was the attorney who represented Williams on a 1975 theft charge. The attorney identified the defendant as the same person whom he represented in 1975. The attorney testified that the petitioner pleaded guilty to the charge. Pursuant to the attorney's identification, the state introduced a document, similar to the one mentioned above, wherein the defendant's guilty plea was accepted. The document sets a sentencing date but gives no indication that sentencing actually occurred. Thereafter, the attorney testified, upon examination of documents relating to the 1971 and 1975 charges, that the charges appeared to be unrelated. The attorney testified that to the best of his knowledge, the guilty plea had neither been set aside, reversed on appeal, nor had a pardon been issued.

The next witness appearing on behalf of the state was Judge Herman Busse, the presiding judge at both petitioner's 1971 and 1975 convictions. The judge was shown docket sheets for both convictions, although the docket sheets were never introduced into evidence. The judge, after being shown the docket sheets, indicated that the petitioner entered a guilty plea in both the 1971 and 1975 proceedings. The judge testified that both were felony convictions. The judge indicated that he probably would not remember the defendant. He did testify that the docket sheets contained his handwriting and that the two convictions were unrelated. At no time was the judge questioned about whether the petitioner had actually been sentenced.

The petitioner testified on his own behalf at the hearing. His testimony attempted to show that his two prior convictions were related because they both stemmed from his addiction to heroin. Upon cross-examination the petitioner testified that he had been convicted of both the 1971 forgery charge and the 1975 theft charge. Williams testified that he had been in serious trouble and that he had "served some time."

## II.

A finding by a jury or judge that a person is an habitual offender is not a criminal conviction, it merely provides for the imposition of an enhanced sentence.

---

This is a direct challenge to the state court's factual determination that there was sufficient evidence presented to prove that he was sentenced for the second felony conviction.

**3.** The habitual offender statute provides for a bifurcated proceeding. The second proceeding is tried before the same jury trying the underlying offense. Ind.Code § 35–50–2–8(c).

**4.** The statute does not provide for jury discretion in sentencing on an habitual offender count. The jury is charged only with the determination of whether the defendant is an habitual offender.

The determination that a person is an habitual offender, however, is a factual question for a trier of fact, either a judge or a jury. The standard of proof for a finding that a person is an habitual offender, as enunciated in the statute, is proof beyond a reasonable doubt. Ind.Code § 35–50–2–8(d). *Twyman v. State*, 431 N.E.2d 778 (Ind. 1982).

 One initial issue we must resolve is whether a challenge to an habitual offender determination is cognizable in a federal habeas petition. As a general rule, a federal court will not review state sentencing determinations that fall within statutory limits. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). *Solem* and *Rummel* were Eighth Amendment cases challenging the severity of the sentences imposed. The instant case involves a due process claim: whether the state met its burden of proof in showing that the petitioner was an habitual offender. A sufficiency of the evidence challenge to a state court finding that a person is a recidivist is cognizable in a federal habeas proceeding. *French v. Estelle*, 692 F.2d 1021 (5th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983). Likewise, the claim made here is cognizable in this habeas proceeding.

 The standard for federal court review of sufficiency of the evidence claims is set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A court must determine whether, in viewing the record in the light most favorable to the prosecution, "no rational trier of fact could have found" the facts essential to an habitual offender determination beyond a reasonable doubt. *Id.* at 323, 99 S.Ct. at 2791. We apply the *Jackson v. Virginia* standard to this sentencing issue because the state requires that an habitual offender finding must be supported by proof beyond a reasonable doubt. *See French v. Estelle*, 692 F.2d at 1024 n. 6. The Indiana Supreme Court applies a standard similar to the one enunciated in *Jackson v. Virginia*

to its own review of the record in habitual offender proceedings. In *Twyman v. State*, 431 N.E.2d 778 (Ind.1982), the Indiana Supreme Court stated that

> [i]n reviewing claims of insufficient evidence, this Court does not weigh the evidence or resolve questions of credibility, but only looks to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that a defendant was guilty beyond a reasonable doubt [of being an habitual offender], we will affirm the conviction. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657, *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890.

*Twyman*, 431 N.E.2d at 779. We therefore must decide whether, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found beyond a reasonable doubt that the petitioner was an habitual offender.

### III.

Prior to a review of the evidence, we must determine exactly what the state must demonstrate in order to prove beyond a reasonable doubt that a person is an habitual offender. The statute defines an habitual offender in section (b) as follows:

> After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two (2) prior unrelated felony convictions. However, a conviction does not count, for purposes of this subsection if:
>
> (1) it has been set aside; or
>
> (2) it is one for which the person has been pardoned.

Implicit in the description of a "prior unrelated felony conviction" for purposes of the habitual offender statute are both the conviction and the sentencing. The Indiana Supreme Court has interpreted the statute in that manner. In *Miller v. State*, 417

N.E.2d 339 (Ind.1981), the Indiana Supreme Court held that:

> [i]t is clear from the statute that to sustain a sentence under it, the State must show that the defendant had been previously *twice convicted* and *twice sentenced* for felonies, ... (emphasis in the original).

*Id.* at 342. In *Woods v. State*, 456 N.E.2d 417, 419 (Ind.1983), the Indiana Supreme Court noted that "the burden of the state in proving the status of habitual criminal is met solely by proof of convictions and sentences. *Spivey v. State*, (1982) Ind., 436 N.E.2d 61." [5]

Under the previous habitual offender statute the state was required to make a showing that the person charged as an habitual offender "had been imprisoned upon the first sentencing prior to the commission of the second offense and that he had been imprisoned upon the second sentencing prior to the commission of the principal offense." *Miller v. State*, 417 N.E.2d at 342. The new statute dispensed with the requirement of imprisonment, thereby allowing a finding of being an habitual offender for a person who, for example, received a suspended sentence. *See* Bobby J. Small, Commentary, Ind.Code § 35–50–2–8; *Spivey v. State*, 436 N.E.2d at 63. The requirement of sentencing was expressly retained. *Miller v. State*, 417 N.E.2d at 342. The state's own requirement for finding a person to be an habitual offender is that he was twice convicted and twice sentenced.[6] The question before us, then, is whether the state sustained its burden of showing that petitioner was sentenced on each of the two prior convictions.

Upon a review of the record, we conclude that no rational trier of fact could have found beyond a reasonable doubt that the petitioner was sentenced on the 1975 theft conviction. The evidence that would prove that he was actually sentenced is simply missing from the trial record. The docket sheets, although present at the hearing, were never introduced into evidence. We cannot speculate as to whether they contained information concerning sentencing. Judge Busse, the presiding judge at both prior convictions, did not testify that the petitioner was sentenced on the theft conviction and there is no indication that he ever testified that the proceeding was complete. Petitioner's own testimony that he had "served time," does not lead to the conclusion that he had "served time" on the theft conviction. As the dissent in the Indiana Supreme Court opinion notes, petitioner may have served time on unrelated offenses. The record does not indicate that he "served time" on the theft conviction. *Williams v. State*, 424 N.E.2d at 1020 (Prentice, J., dissenting).

We note that proof of sentencing on the theft conviction was certainly within the grasp of the prosecutor. A sentence for the first prior conviction was demonstrated when the prosecutor asked petitioner's first attorney, who represented him on the for-

---

5. The Amended Information for Habitual Offender itself indicates that the state must demonstrate defendant was twice convicted and twice sentenced. The Information reads in pertinent part:

> ... On or about the 8 day of June, A.D., 1971, at the County of Allen and in the State of Indiana, in the Circuit Court, one Anthony Sherrard a/k/a Bernard Williams was convicted of a felony, to wit: forgery, ... and based upon said conviction, Anthony Sherrard a/k/a Bernard Williams was sentenced ....
>
> Further, on or about the 29th day of September, 1975, in the Circuit Court of Allen County, State of Indiana, one Anthony Sherrard a/k/a Bernard Williams was convicted of a felony, to wit: theft, ... and based upon

said conviction, Anthony Sherrard a/k/a Bernard Williams was sentenced ....

6. The statute does not allow the use of a conviction for an habitual offender charge if it has either been set aside or it is one for which the person has been pardoned. Ind.Code § 35–50–2–8(b)(1) and (2). These two exceptions have been construed to be affirmative defenses which must be pleaded and proved by the defendant. *Havens v. State*, 429 N.E.2d 618, 622 (Ind.1981); *Williams v. State*, 424 N.E.2d at 1018. It is not incumbent upon the state to prove that the conviction has not been set aside or that the defendant has not been pardoned. The Indiana courts have not interpreted the statute to require that lack of sentencing be proved as an affirmative defense by the defendant. *See Williams v. State.*

gery count, whether petitioner had been sentenced. The attorney responded in the affirmative and that testimony clearly supported a finding beyond a reasonable doubt that petitioner had been sentenced on that forgery conviction. That is not the case in respect to the theft charge. We agree with Justice Prentice, the author of the dissenting opinion, who stated that

[i]t is not the office of this Court to patch holes sometimes left by inexperienced or careless counsel. By doing so, we may be supplying an essential thread which, in fact, was nonexistent.

*Id.* at 1021. This court should also not patch holes that could have been simply repaired by a properly placed question.[7]

The state argues that we must defer to the state court's interpretation of its own statute and, accordingly, affirm the denial of petitioner's habeas action. While we, of course, agree with the general proposition that a federal court must defer to a state court's interpretation of the state's statute, *United States ex rel. Burnett v. People of the State of Illinois*, 619 F.2d 668 (7th Cir.), *cert. denied*, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980), the Indiana Supreme Court did not interpret the statute but found that the evidence was sufficient to support the jury's finding. The Indiana Supreme Court did not squarely address the issue of whether any evidence of sentencing was required; it merely states the evidence was sufficient. We are not bound by that determination. We find that the state failed to prove beyond a reasonable doubt that petitioner was twice convicted and twice sentenced. The finding that he was an habitual offender must therefore be set aside.[8]

## IV.

For the foregoing reasons, we reverse the district court's denial of petitioner's petition for a writ of habeas corpus. Petitioner's request for habeas relief is granted unless the state elects to pursue the sentencing charge under the habitual offender statute further within 90 days.

PELL, Circuit Judge, dissenting.

Aside from any question of comity, although it would seem that this question should never just be brushed aside in a habeas case, the majority opinion on the facts of this case simply has found a meritorious case for habeas relief with which conclusion I cannot agree. I therefore respectfully dissent.

The majority opinion recognized and agrees with the general proposition that a federal court must defer to a state court's interpretation of its own statute, however, holds here that the Indiana Supreme Court did not interpret the statute but merely found the evidence was sufficient to support the jury's findings. In saying that the evidence was sufficient to prove that Williams had accumulated two prior unrelated felony convictions on its review of that evidence, the Indiana Supreme Court may not have been directly interpreting its own

---

7. The Indiana Supreme Court now requires that proof of prior convictions be supported by record evidence. Parol evidence alone is insufficient to establish a prior conviction absent a showing that the proper records are unavailable. *Morgan v. State*, 440 N.E.2d 1087 (Ind. 1982). Given available documents, proof of actual sentencing would have been easy to demonstrate without violating the *motion in limine* preventing any mention of the actual amount of the sentence received.

8. We make no determination as to whether the state may properly retry petitioner without implicating petitioner's Double Jeopardy rights. The Indiana Supreme Court has held that where a trial judge has made an improper legal ruling thereby precluding the state from proving its

case, when otherwise it could have offered the proper evidence, retrial is appropriate without implicating the Double Jeopardy Clause. *Morgan v. State*, 440 N.E.2d 1087 (Ind.1982) (the trial judge ruled parol evidence was sufficient to prove prior convictions and the prosecutor relied on the improper legal ruling). It is unclear whether Indiana would consider petitioner's case to be controlled by *Morgan*. We will not consider the issue. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) wherein the Supreme Court considered the issue, which we do not decide today, of whether a reversal for insufficiency of the evidence barred retrial in light of the Double Jeopardy Clause of the Constitution. *See also Washington v. Duckworth*, 567 F.Supp. 513 (N.D.Ind.1983).

statute but implicitly was doing so by saying that that statute as applied to the facts of the case before it had been sufficient to prove guilt beyond a reasonable doubt. It appears to me that the Supreme Court's analysis, contrary to that of the majority opinion which focused only on the lack of a direct showing of sentencing, placed the gist of the statutory offense on there being two convictions pursuant to the plain language of the Indiana statute.

The relevant portion of the statute in effect at the time of the trial read as follows:

35–50–2–8 Habitual offenders

Sec. 8(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions. A person who is found to be an habitual offender shall be imprisoned for an additional fixed term of thirty (30) years, to be added to the fixed term of imprisonment imposed under section 3, 4, 5, 6, or 7 of this chapter.

(b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two (2) prior unrelated felony convictions. However, a conviction does not count, for purposes of this subsection, if:

(1) it has been set aside; or

(2) it is one for which the person has been pardoned.

(c) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing; if the trial was to the court, or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing, under IC 35–4.1–4.3.

(d) The jury (if the hearing is by jury), or the court (if the hearing is to the court alone), may find that the person is an habitual offender only if the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions.

A careful reading of this statute reflects that eligibility for conviction of being an habitual offender comes about by being convicted of two prior unrelated felonies with the only proviso that neither conviction has been set aside or has resulted in a pardon. Indeed, the majority opinion concedes that the sentencing is only implied in the description of the prior unrelated felonies. The sentencing is only in the statute in the indirect sense of timing as to when the judgment of convictions have become final. Here, however, there was no question that the convictions in both cases were final judgments and that the causes had been completed. The trial judge so testified. *Williams v. State*, 424 N.E.2d 1017, 1019 (Ind.1981). Even if we assume, however, that there must be some direct evidence of sentencing on both convictions, and there is no controversy about the first conviction in 1971, it appears to me that this court should not challenge the holding of the Indiana Supreme Court that there was sufficient evidence on the sentencing for the second conviction also. I turn to the record in that respect and in so doing I accept and adopt the standard as laid down, and as approved by the majority opinion in this case, *Twyman v. State*, 431 N.E.2d 778 (Ind.1982), in which the Indiana Supreme Court stated that:

[i]n reviewing claims of insufficient evidence, this Court does not weigh the evidence or resolve questions of credibility, but only looks to the evidence and *reasonable inferences therefrom which support the verdict. Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that a defendant was guilty beyond a reasonable doubt [of being an habitual offender], we will affirm the conviction. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657, *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890.

*Id.* at 778 (emphasis added). I have quoted from *Twyman* as it appears in the majority opinion with the exception of the emphasis

on reasonable inferences which the majority seems to ignore as existing in this case.

The majority opinion declines to give any significance to Williams' own statement that he had served time, although, of course, as the majority concedes, it is not important that he actually had served time only that he be given a sentence. Nevertheless, the fact that he served time is indicative of the fact that there was a sentence.

A careful reading of his testimony seems to me to provide full support for a reasonable inference that the serving of time to which he referred related to both prior convictions, being the ones here involved. Williams, at the very beginning of his direct testimony, after he gave his name and address testified as follows:

Q. Is it true, Mr. Williams, that you have been in some trouble before?

A. Yes, it is.

Q. Do you remember exactly which case was which?

A. No, not exactly.

Q. Did—but you have been in some serious trouble before, is that correct?

A. Yes, I have served time.

Q. Is there anything specific to which you attribute the fact that you have been in serious trouble before?

A. Mainly heroin addiction, of which I have since been cured. But at the present time, yes. Both the *offenses* did happen while I was addicted. [Emphasis added.]

It seems to me that the jury correctly concluded, as did the Indiana Supreme Court, from this testimony that Williams himself was referring to "time" for "[b]oth the offenses."

Also, before the jury as an exhibit was the certified copy of court records relating to the 1975 conviction, the final lines of which read as follows:

Said defendant had a prior pre-sentence investigation report, and now dispenses with such investigation herein at his request.

Sentence is now set for October 6, 1975, at 1:30 P.M.

Sentencing was set for October 6, 1975 and as the Supreme Court pointed out the trial judge had "testified that these causes had been completed and there was no claim that these were not final judgments." 424 N.E.2d at 1019. I fail to see how there could have been a final judgment without sentencing.

These two instances by themselves provide the reasonable inferences to prove beyond a reasonable doubt that Williams indeed was sentenced for the 1975 conviction, which proof, in any event, related only to demonstrating for the timing purposes of the statute the finality of the judgment of the second conviction. The existence of the second conviction, of course, is undisputed.

No one really contends in this case that Williams was not sentenced in 1975 and apparently a direct question to that effect to his 1975 trial attorney, for some reason, was not asked. The prosecutor by asking the simple question would have obviated the problem presented by this case. Because the inferences, however, clearly supported what was undoubtedly the fact, this court has elevated form over substance in granting the writ of habeas corpus. The sentence for being an habitual offender, notwithstanding the various remedial provisions which are capable of substantially shortening periods of confinement, is a severe one, and there should not be sentencing as an habitual offender unless the crime is proven beyond a reasonable doubt. On the other hand, there is no question that Williams was convicted of three felonies within the span of a decade.

The legislative judgment as to the term of the sentence is not an issue before us. Our only concern is whether Williams was denied constitutional due process. The highest court of the state held that he was not convicted improperly under the statute. I agree with that decision.