916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James P. CUNNINGHAM, Petitioner-Appellant,
v.
Thomas D. RICHARDS, Respondent-Appellee.
 No. 90-1459.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1990.*
Decided Oct. 16, 1990.
 
 Before CUMMINGS and WOOD, Jr., Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner-Appellant, James P. Cunningham, appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. We affirm.
 
 I.
 
 2
 Cunningham pled guilty to two counts of child molesting and one count of attempted child molesting. At his sentencing, Cunningham was sentenced to consecutive eight-year sentences on the two child molesting convictions. He was also sentenced to eight years on the attempt conviction. The court ordered that four years of that sentence was to be served consecutively and four years concurrently; therefore, Cunningham received a total sentence of twenty years on the three counts.
 
 
 3
 Following his sentencing, Cunningham filed a petition for post-conviction relief, which was denied following a hearing. The Indiana Court of Appeals affirmed the denial of the petition. In October 1989, Cunningham filed his habeas petition. The district court denied the petition. Cunningham now appeals.
 
 II.
 
 4
 In his habeas petition, Cunningham initially maintains that his guilty plea was not knowingly and voluntarily made. He alleges that defense counsel induced the plea with a promise that he would have to serve little, if any, prison time, and that the court failed to inform him of the effect that his prior conviction would have on his sentence. The transcript of petitioner's guilty plea hearing indicates that the trial court fully complied with the requirements of Boykin v. Alabama, 395 U.S. 238 (1969). The petitioner was advised of his right to trial by jury, his confrontation rights, and his right against compulsory self-incrimination. In addition, he was fully apprised of the consequences of his plea, with the court giving particular emphasis to the fact that he faced a maximum sentence of twenty-four years.
 
 
 5
 The record is devoid of factual support for the petitioner's allegations concerning promises made by counsel and misrepresentations as to the effect of his plea by the court. In his plea hearing, Cunningham unequivocally stated that no one had made any promises to induce him to plead guilty and that he understood that he faced a maximum penalty of twenty-four years in prison. In addition, it should be noted that although trial counsel testified at the post-conviction petition hearing, there is no testimony about any promises that he allegedly made regarding jail time. In fact, Cunningham did not even question trial counsel about the alleged promise, despite the fact that this challenge to the voluntariness of his plea was also pursued in the post-conviction petition. Finally, the failure of the trial court to inform the defendant of the effect of a prior conviction was a direct result of the fact that when he was asked if he had a prior conviction Cunningham lied and said that he did not. To the extent that petitioner was misinformed as to the minimum sentence available to him, the misinformation was the result of his assurance to the court that he had not previously been convicted. There is no evidence that petitioner's plea was involuntary; consequently, his challenge to the same must fail.
 
 
 6
 Petitioner next contends that he received ineffective assistance of counsel. In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that the two-part test of Strickland v. Washington, 466 U.S. 668 (1984), applies to challenges of guilty pleas based upon ineffective assistance of counsel. We turn first to a consideration of the prejudice requirement of Strickland. In order to satisfy the prejudice requirement in this case the petitioner must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 7
 A review of the proceedings in the trial court indicate that petitioner has failed in his effort to show that counsel's performance fell below an objective standard of reasonableness. Petitioner's allegations of ineffectiveness are wholly unsupported in the record with the possible exception of his claim concerning trial counsel's failure to advise him of a possible affirmative defense to one of the three counts, reasonable belief that the victim was not a child. Petitioner does not allege in his habeas petition that the receipt of information concerning a possible defense to one count would have changed his plea as to the other two counts. Petitioner's decision to plead guilty was based upon a consideration of the indictment as a whole. In order to satisfy the prejudice requirement of Strickland, Cunningham had to show that but for counsel's alleged error, the result of the proceedings would have been different. Petitioner has not satisfied this requirement; thus, his ineffective assistance claim was properly denied.
 
 
 8
 Cunningham next challenges the trial court's imposition of consecutive sentences, alleging that he received a disproportionate sentence in violation of the eighth amendment. In Williams v. Duckworth, 738 F.2d 828 (7th Cir.1984), this court noted that "as a general rule, a federal court will not review state sentencing determinations that fall within statutory limits." Id. at 831 (citing Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001 (1983); Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133 (1980)). The sentence in this case was within the boundaries established by the Indiana legislature and nothing in this case justifies an exception to the general rule of no habeas review of a state sentencing determination; therefore, this claim is not cognizable in a habeas petition.
 
 
 9
 The next issue raised by the petitioner is unclear. He seems to allege that he was denied the right to appeal the denial of his motion to correct an erroneous sentence. Apparently after the post-conviction court had ruled on his petition and while that denial was being appealed, Cunningham filed a the motion to correct an erroneous sentence. After the trial court denied that motion, Cunningham attempted to file an appeal of that decision in the Indiana Court of Appeals. The court notified Cunningham that it could not file his appeal because he had failed to comply with the appellate rules. After he received the notification of non-compliance, the petitioner again attempted to file his appeal, and again he failed to comply with the rules. The court sent him a second letter informing him of the requirements for filing his appeal and a third attempt at filing was refused because it also did not comply with the filing requirements. At that point, there is no further indication that Cunningham made any further attempt to file his appeal. Thus, it appears that Cunningham's appeal of the motion to correct an erroneous sentence was not permitted to proceed, because he failed to comply with the procedural rules of the Indiana Court of Appeals. In addition, it is unclear what harm the defendant has suffered as a result of the alleged inability to pursue an appeal of the denial of the motion in this instance. The challenges to the sentence that Cunningham raised in the motion were brought in the petition for post-conviction relief; therefore, it seems that Cunningham has already received review both at the trial and appellate court levels of the very issues he was trying to raise in the appeal of the motion. Petitioner has already received that which he sought in the appeal, namely appellate review of the legality of his sentence; therefore it is difficult to see how he was harmed by the denial of an essentially duplicative appeal.
 
 
 10
 Finally, the petitioner alleges that he was denied a swift remedy in his post-conviction petition, because the public defender assigned to his petition took no action for 20 months after the petition was filed. There is no constitutional right to counsel in a post-conviction petition. Pennsylvania v. Finley, 481 U.S. 551 (1987). Since there is no constitutional right to counsel, it is unlikely that an allegation that counsel failed to act in a post-conviction petition would rise to the level of a constitutional violation. The petition fails to state a federal constitutional violation; therefore, it cannot provide a basis for federal habeas corpus relief. Williams v. Chrans, 894 F.2d 928, 937 (7th Cir.1990).
 
 
 11
 Accordingly, the district court's denial of the petition for writ of habeas corpus is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record