921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jimmie Dale WOODS, Petitioner-Appellant,
v.
Robert J. BRONNENBERG, Acting Superintendent and Indiana
Attorney General, Respondents-Appellees.
 No. 90-1962.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Dec. 21, 1990.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 
 ORDER
 I.
 
 2
 Pro se petitioner, Jimmie Dale Woods, was convicted of illegal possession of a handgun and sentenced to 34 years as a habitual offender under Indiana law. His jury trial was trifurcated. In the first phase the issue was whether he had possessed a handgun without a permit. In the second phase the issue was whether he had been convicted of a felony within the 15 years preceding the illegal possession of a handgun. In the final phase, in which the trial court incorporated all of the evidence that had been received in the first two phases, the jury found Woods to be a habitual offender. The same jury heard all three phases.
 
 
 3
 The evidence regarding the habitual offender status that the jury considered was both oral and documentary. During the first phase of the trial, Woods testified under cross-examination that he had committed a burglary in 1959 for which he was sentenced on April 4, 1960 and a robbery in 1967 for which he was convicted and sentenced on March 19, 1968. In addition, the State presented certified documentation of the dates of the convictions and sentencing for the two prior felonies. The conviction and sentence were affirmed on direct appeal. The state trial court denied Woods' petition for post-conviction relief, and the state appellate court affirmed. Woods then petitioned the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court denied his petition.
 
 
 4
 On appeal Woods claims: 1) denial of due process by the state's failure to meet its burden of proof that Woods was a habitual offender; and 2) denial of effective assistance of both trial and appellate counsel where neither challenged the evidence upon which his habitual offender status was based.
 
 II.
 A. Sufficiency of the Evidence
 
 5
 "A sufficiency of the evidence challenge to a state court finding that a person is a recidivist is cognizable in a federal habeas proceeding." Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir.1984) cert. denied, 469 U.S. 1229 (1985). This court must determine whether all of the evidence, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to find beyond a reasonable doubt that the petitioner was a habitual offender. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Indiana Supreme Court has enunciated the same standard when reviewing a sufficiency of the evidence challenge. Morgan v. State, 440 N.E.2d 1087, 1090 (Ind.1982).
 
 
 6
 Under this standard, to ascertain whether due process has been satisfied, we must look to Indiana law. To sustain a sentence under the Indiana habitual offender statute, Indiana Code Sec. 35-50-2-8, the State must show that the defendant has had two prior unrelated convictions and sentences for felonies. Moreover, the State must show that the date of the commission of the second offense was subsequent to the sentencing on the first offense upon which the enhanced punishment is being sought. Zavesky v. State, 515 N.E.2d 530, 532 (Ind.1987).
 
 
 7
 In his habeas petition, Woods argues that the form of the evidence upon which the jury found him to be a habitual offender was impermissible under Indiana law. He argues that the State's evidence was sequentially defective because the State introduced certified records regarding only the conviction and sentencing dates of his two prior felonies, wrongly relying on oral evidence to supply the sequence of the commission dates without showing the unavailability of proper documents. The oral evidence was Woods' own testimony from the first phase of the trial.
 
 
 8
 Woods suggests that his testimony was self-incriminating and thus should not be used by the State. Patty v. Bordenkircher, 603 F.2d 587 (6th Cir.1979) (prosecutor could not call defendant to stand to prove habitual offender status). However, Woods' testimony was voluntary. He took the stand in his own defense and was impeached as to his prior convictions.
 
 
 9
 Woods cites to both Indiana Supreme Court and federal habeas cases to demonstrate that the State erroneously depended on his testimony. Woods bases his argument on an Indiana Supreme Court pronouncement that "parol evidence standing alone is insufficient evidence of the fact of prior convictions in the absence of a showing of the unavailability of the proper certified records." Morgan, 440 N.E.2d at 1090-91. In Morgan the State offered oral testimony of the prosecutor and assigned defense attorney to establish the defendant's prior convictions. The court reasoned that "[e]vidence, to be sufficient in a criminal cause, must have such probative value that from it a reasonable trier of fact could infer that which it is offered to, beyond a reasonable doubt." Id. at 1090. The Indiana Supreme Court also found that even if a probation officer provided the dates of the commission of the prior felonies, the evidence would not be sufficient without a showing that the written records were unavailable. Powers v. State, 540 N.E.2d 1225, 1227 (Ind.1989) This finding is consistent with the Morgan court's concern for the "probative value" of the evidence. In contrast, Woods' own testimony does not lack the reliability that the testimony of others might.
 
 
 10
 Contrary to Woods' argument, his case is also distinguishable from Williams v. Duckworth, in which the petitioner's testimony that he had "served time" was ambiguous. Williams v. Duckworth, 738 F.2d 828, 832 (7th Cir.1984). There the State had attempted to use the defendant's testimony to "patch holes" in their evidence. Id. at 833. Woods' testimony, on the other hand, was explicit as to the nature of the felonies, the times of commission and the dates of conviction and sentencing:
 
 
 11
 Q: Mr. Woods, it was 1960 that you were sentenced for the felony of burglary?
 
 
 12
 A: Yes.
 
 
 13
 Q: It was for a burglary committed in 1959, would that be correct?
 
 
 14
 A: Yes, ma'am.
 
 
 15
 Q: And it was 1968--on March 19th of 1968 that you were convicted and sentenced for the felony of robbery, isn't that right?
 
 
 16
 A: Yes, ma'am.
 
 
 17
 Q: And that was for a robbery that occurred in 1967, is that correct?
 
 
 18
 A: Yes, ma'am.
 
 
 19
 Q: And the 1960 sentencing took place on April 4th of 1960?
 
 
 20
 A: I believe so.
 
 
 21
 Trial Record at 355. Additionally, the State did not depend solely on Woods' testimony. It introduced certified records that corroborated the dates in Woods' testimony.
 
 
 22
 All of the required dates, those of commission, conviction, and sentencing for two unrelated felonies, were before the jury. Looking at the conviction records together with Woods' own testimony in a light most favorable to the State, a jury could reasonably infer that the State established the sequence of two unrelated prior felonies and that Woods was, beyond a reasonable doubt, a habitual offender under the definition in the statute. The evidence was constitutionally sufficient to support the jury's finding.
 
 B. Ineffective Assistance of Counsel
 
 23
 Woods argues that he was denied effective assistance of counsel by both his trial and appellate counsels. He contends that his trial counsel failed to object to the habitual offender phase of his trial "on the grounds discussed above" and that he was thereby prejudiced because he would not have been found to be a habitual offender without this failure. Woods also contends that his appellate counsel should have raised "the above grounds" as fundamental error on direct appeal.
 
 
 24
 The Supreme Court has created a two-prong test for analyzing an ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the Strickland test, a criminal defendant must "affirmatively establish that counsel's performance was both constitutionally deficient and that the deficiency prejudiced the outcome of the trial." Harris v. Reed, 894 F.2d 871 (7th Cir.1990). Because there was sufficient evidence to impose the habitual offender status, Woods has not been prejudiced by either trial counsel's failure to object to or appellate counsel's failure to raise the grounds. In that Woods' ineffective assistance of counsel claim has no merit, it is not necessary to consider whether the performance of either counsel was deficient.
 
 
 25
 Woods has not shown that the State violated his due process rights by denying him a fundamentally fair trial. United States ex rel. Lee v. Flannigan, 884 F.2d 945, 953 (7th Cir.1989). Accordingly, the district court's denial of the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation