**Ernest SHERON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8706–CR–619.**

Supreme Court of Indiana.

May 15, 1990.

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony, for which he received a mitigated sentence of twenty (20) years.

The facts are: Appellant and Michelle Skinner, the victim in this case, had cohabitated from 1966 until February of 1986. In February of 1986, Michelle moved out and took up residence with her parents. Shortly after the separation, Michelle and her mother were driving to work when they noticed appellant driving beside them and pointing a gun at them.

Michelle obtained a gun from her purse and the couple started exchanging shots. Michelle sustained a severe gunshot wound and crashed her car. Appellant dragged her from the car, placed her in his car, and drove off. During that time, he threatened to kill her. However, she eventually prevailed upon him to take her to the Hammond Clinic for medical treatment. At the clinic, it was determined that the bullet entered her body near the hip, lacerated her small intestine, liver, and diaphragm before lodging in her breast.

On April 23, 1986, appellant informed the trial court he intended to hire private counsel. However, on June 10, he informed the court he was unable to retain private counsel. The court at that time appointed a public defender to represent appellant. A jury trial was held on December 15, 1986. A week prior to trial appellant obtained private counsel and asked for a continuance in order that counsel be able to prepare. However, the trial court pointed out that appellant had already had six months to obtain private counsel and that he had been represented by a public defender during that entire time. Although the trial judge denied a continuance, he did state that the privately hired counsel could act as co-counsel with the public defender.

As the trial began, it became apparent to the privately hired counsel that he represented the victim's mother in another matter; therefore, he felt he had a conflict of interest and moved the court for permission to withdraw from the case, which permission was granted.

■ The public defender, who had been appointed by the court the previous June, conducted appellant's defense. Appellant makes no claim that the public defender's representation was inadequate in any way. Under such circumstances, we cannot say that the trial court abused its discretion in denying appellant's motion for continuance. *Spivey v. State* (1982), Ind., 436 N.E.2d 61.

Appellant also claims that because his privately hired counsel withdrew from the case after the trial had commenced the jury might very well have taken that to mean that there was animosity between the lawyer and the client which caused the withdrawal. However, the trial court did state to the jury that the private counsel had withdrawn because it developed that there was a conflict in his representation of appellant. There is nothing in the statement by the trial court which would give any kind of an inference that the withdrawal of counsel should in any way reflect upon appellant.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.