## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 17 2015, 8:36 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jeremy M. Noel | Gregory F. Zoeller |
| Monroe County Public Defender's Office | Attorney General of Indiana |
| Bloomington, Indiana | Michael Gene Worden |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew W. Carie, | November 17, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 53A05-1503-CR-93 |
| v. | Appeal from the Monroe Circuit Court; |
| State of Indiana, | The Honorable Marc R. Kellams, Judge; |
| *Appellee-Plaintiff.* | Trial Court Cause No. 53C02-1408-F3-805 |

**May, Judge.**

[1] Andrew W. Carie appeals his convictions of and sentences for Level 4 felony burglary and Level 6 felony criminal confinement, as well as a sentence enhancement for his adjudication as an habitual offender. He presents four issues for our review, which we restate as:

1. Whether the trial court abused its discretion when it denied Carie's motion to suppress evidence obtained from a search of his pockets shortly following the crime;

2. Whether the State presented sufficient evidence Carie committed Level 6 felony criminal confinement;

3. Whether the trial court abused its discretion in sentencing Carie; and

4. Whether Carie's sentence is inappropriate based on his character and the nature of the offense.

We affirm.

## Facts and Procedural History

[2] Sometime in the early morning of August 21, 2014, J.L. was awakened by the weight of a man on top of her. The man was covering her mouth and nose with his hand. The man began pulling back the bedcovers, and J.L. was able to maneuver from underneath him. She ran out of her home and called 911.

[3] Officers Ryan McClain and Jordan Hassler found Carie in an unlit alley behind J.L.'s house. Carie told them the person they were looking for ran north toward a nearby cemetery. Officer McClain asked Carie if he had any

weapons, and Carie indicated he was carrying a large pocket knife. Carie gave Officer McClain permission to pat him down, and Officer McClain found the knife, a bandana, a flashlight, and two sets of gloves. The officers radioed to determine if any other person had been sighted in the area, as Carie indicated, and when no one was located, they placed Carie in the back of their patrol car.

[4] Officer Hassler checked J.L.'s house and found nobody inside. Outside a bathroom window he found a camouflaged jacket with Carie's identification in one of the pockets. The officers also found muddy shoeprints leading from the bathroom to J.L.'s bedroom.

[5] The State charged Carie with Level 3 felony attempted rape, Level 4 felony burglary, and Level 6 felony criminal confinement. The State also alleged Carie was an habitual offender and a repeat sexual offender. Carie filed a motion to suppress the evidence found as a part of Officer McClain's patdown search. The trial court denied the motion after a hearing.

[6] A jury was unable to reach a verdict on the attempted rape charge, but found Carie guilty of Level 4 felony burglary and Level 6 felony criminal confinement. The jury also found Carie was an habitual offender. The trial court sentenced Carie to thirty-two years for burglary -- twelve years for Level 4 felony burglary with a twenty year habitual offender enhancement. The court also imposed a two and one-half year sentence for Level 6 felony criminal confinement, which is to be served concurrent with the thirty-two year sentence for burglary.

# Discussion and Decision

## *Admission of Evidence*

[7]   Carie did not seek interlocutory review of the denial of his motion to suppress but instead appeals following trial. This issue is therefore "appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial." *Lundquist v. State*, 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005). Our review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by trial objection. *Id*. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id*. However, we must also consider the uncontested evidence favorable to the defendant. *Id*.

[8]   Carie claims Officer McClain's investigatory stop violated his rights under the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution. "Under *Terry* [*v. Ohio*, 391 U.S. 1 (1968)], an officer is permitted to stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause." *Armfield v. State*, 918 N.E.2d 316, 319 (Ind. 2009) (internal quotations omitted).

> The "reasonable suspicion" requirement of the Fourth
> Amendment is satisfied if the facts known to the officer at the
> moment of the stop are such that a person "of reasonable
> caution" would believe that the "action taken was appropriate."
> In other words, the requirement is satisfied where the facts
> known to the officer, together with the reasonable inferences

arising from such facts, would cause an ordinarily prudent person to believe that criminal activity has occurred or is about to occur. Reasonable suspicion entails something more than an inchoate and unparticularized suspicion or hunch, but considerably less than proof of wrongdoing by a preponderance of the evidence.

[9] *Crabtree v. State*, 762 N.E.2d 241, 246 (Ind. Ct. App. 2002) (citations omitted). We review a determination of reasonable suspicion *de novo* rather than for abuse of discretion, but we give due weight to inferences drawn from the facts by the trial court. *Bannister v. State*, 904 N.E.2d 1254, 1255 (Ind. 2009). "The State has the burden to show that under the totality of the circumstances its intrusion was reasonable." *Id*. at 1256.

[10] The language of Article 1, Section 11 of the Indiana Constitution closely tracks the language of the Fourth Amendment. *Starks v. State*, 846 N.E2d 673, 680 (Ind. Ct. App. 2006), *reh'g denied*, *trans. denied*. But "[r]ather than looking to Fourth Amendment jurisprudence to evaluate Article 1, Section 11 claims, we place the burden on the State to show that, under the totality of the circumstances, the police activity was reasonable." *Id*.

[11] The Officers had reasonable suspicion that Carie was involved in criminal activity. Officer McClain encountered Carie in a dark alley behind J.L.'s house a few minutes after she called 911. J.L. told the officers she believed the person who attacked her was a man and was larger than her. Carie admitted he had a knife and he consented to a patdown search. Officer McClain testified the items found on Carie - the knife, a bandana, gloves, and a flashlight - were consistent with burglary tools. After they were unable to confirm Carie's claim

a person ran from the scene, the officers handcuffed Carie and placed him in the back of their patrol car.

[12] Based on the totality of the circumstances, the investigative stop did not violate Carie's rights under the Fourth Amendment of the United States Constitution or Article 1, Section 11 of the Indiana Constitution. *See Bannister*, 904 N.E.2d at 1255 (we consider whether search was reasonable under the Fourth Amendment based on the totality of the circumstances); *and see Starks*, 846 N.E.2d at 680 (we consider whether search was reasonable under Article 1, Section 11 of the Indiana Constitution based on the totality of the circumstances). Carie's argument is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Lundquist*, 834 N.E.2d at 1067 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

### Sufficiency of Evidence

[13] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.*

[14] A conviction may be sustained on the uncorroborated testimony of a single witness. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Drane*, 867 N.E.2d at 146. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

[15] To prove Carie committed Level 6 felony criminal confinement,[1] the State had to present sufficient evidence Carie "knowingly or intentionally" confined J.L. without her consent. Ind. Code § 35-42-3-3 (2014). "Confine" is defined as "substantially interfer[ing] with the liberty of a person." Ind. Code § 35-42-3-1. Carie argues the evidence is insufficient to prove he confined J.L. because "there is no evidence that any interference with [J.L's] liberty was substantial" and "she was able to get away without any evidence of a struggle." (Br. of Appellant at 6-7.)

[16] "Any amount of force can cause a confinement because force, however brief, equals confinement." *Hopkins v. State*, 747 N.E.2d 598, 606 (Ind. Ct. App. 2011), *trans. denied*. That J.L. was able to escape does not "negate the determining factor that a jury could find, beyond a reasonable doubt, that a nonconsensual confinement took place." *Spivey v. State*, 436 N.E.2d 61, 63

---

[1] Carie does not challenge his conviction for Level 4 felony burglary.

(Ind. 1982). We held in *Sammons v. State*, "[t]he fact that the time involved was brief is not the determinative factor of 'substantial.' While time may be a factor, it is the type or nature of interference that is most significant." 397 N.E.2d 289, 294 (Ind. Ct. App. 1979).

[17] J.L. was asleep when Carie entered her house. She awoke to Carie, who was heavier than she, on top of her. He was covering her mouth and nose with his hand. J.L. broke free when Carie tried to pull down the bedcover. J.L. testified "there was a bruise on my face and my muscles were just thrashed, like I was so achy for a couple of days." (Tr. at 110.) The State presented sufficient evidence Carie confined J.L. without her consent.

### Sentencing Abuse of Discretion

[18] When the trial court imposes a sentence within the statutory range, we review for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). We may reverse a decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

[19] Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id*. "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime . . . [and] such facts must have support in the record."

*Id.* The trial court is not required to find mitigating factors or give them the same weight that the defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 490. Once aggravators and mitigators have been identified, the trial court has no obligation to weigh those factors. *Id.* at 491.

[20] Carie argues the trial court abused its discretion when it sentenced him without finding mitigators. During Carie's sentencing hearing, his counsel argued Carie had a difficult childhood. Our Indiana Supreme Court has held, "evidence of a difficult childhood warrants little, if any, mitigating weight." *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000), *reh'g denied*, c*ert. denied sub nom. Coleman v. Indiana*, 534 U.S. 1057 (2001). The trial court focused on Carie's lengthy criminal record as the reason for his sentence. As the trial court is not required to give Carie's proposed mitigating circumstance the weight he would prefer, we conclude the trial court did not abuse its discretion when sentencing him. *See Flickner*, 908 N.E.2d at 273 (trial court not required to find mitigating factors or give them the same weight that the defendant does).

### *Inappropriate Sentence*

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other

factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The trial court sentenced Carie to an aggregate sentence of thirty-two years - twelve years for the Level 4 felony burglary and two and one-half years for Level 6 criminal confinement, to be served concurrently, with the burglary sentence enhanced by twenty years based on Carie's adjudication as an habitual offender.

[21] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a Level 4 felony is two to twelve years, with an advisory sentence of six years. Ind. Code § 35-05-2-5.5. The sentencing range for a Level 6 felony is six months to two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b).

[22] One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. Carie entered J.L.'s house in the middle of the night and confined her in her bed by lying on top of her and putting his hand over her mouth and nose. J.L. sustained minor injuries from the attack. The sentence is appropriate based on the nature of the crime.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Carie's criminal history spans thirty years. His adjudications as a juvenile include criminal trespass, conversion, and voyeurism. Carie's adult criminal history shows a pattern of sexually-related crimes including two convictions of child molesting, two convictions of failure to register as a sex offender, and convictions of criminal confinement and public indecency. Based on Carie's criminal history, his sentence is not inappropriate.

## Conclusion

The trial court did not abuse its discretion when it denied Carie's motion to suppress because the investigative stop did not violate his rights under the Fourth Amendment of the United States Constitution or Article 1, Section 11 of the Indiana Constitution. There was sufficient evidence Carie committed Level 6 felony criminal confinement. Finally, the trial court did not abuse its discretion when it sentenced Carie, and Carie's sentence is appropriate based on the nature of the offense and his character. Accordingly, we affirm.

Affirmed.

Crone, J., and Bradford, J., concur.